IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**GORDON R. LANE, III,**

    **Plaintiff,**

v.   Civil Action No. _3:26-cv-00095___

**MARCO YAT HANG YUNG, M.D.**

    **Defendant.**

## CIVIL COMPLAINT

**COMES NOW** Plaintiff, Gordon R. Lane, III, by and through counsel, and states as follows for his Complaint against Defendant Marco Yat Hang Yung, M.D.:

## PARTIES

1. At all times material hereto, Plaintiff Gordon R. Lane, III, was a resident of Boone County, West Virginia.

2. At all times material hereto, Defendant Marco Yat Hang Yung, M.D. (hereinafter referred to as "Dr. Yung"), was a medical doctor specializing in general surgery and surgical critical care licensed to practice Medicine in the State of Georgia with his place of residence in Flowery Branch, Georgia. During the events giving rise to this action, Dr. Yung was practicing medicine in and about Huntington, West Virginia, and provided medical care and treatment to Plaintiff in Cabell County, West Virginia, as more fully described below.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391.

1

## GENERAL ALLEGATIONS

4. On February 12, 2024, Plaintiff Gordon R. Lane, III, presented to Cabell Huntington Hospital (hereinafter "CHH") with complaints of a burn wound to his right foot.

5. Mr. Lane was admitted to CHH and diagnosed with right distal tibia/fibula osteomyelitis.

6. On February 14, 2024, Defendant Dr. Yung performed a surgical consultation on Mr. Lane and agreed with recommendations from podiatry for a below knee amputation ("BKA").

7. Upon information and belief, Dr. Yung did not perform, attempt to perform, or recommend, treatment using alternative conservative measures, including but not limited to treatment with antibiotics and/or debridement, prior to scheduling and performing a BKA.

8. On February 14, 2024, Dr. Yung performed a right BKA on Mr. Lane.

9. Mr. Lane remained inpatient at CHH until his discharge on February 19, 2024.

## COUNT I: MEDICAL NEGLIGENCE

10. The Plaintiff avers and re-alleges as if set forth fully herein, each and every allegation contained in paragraphs 1 through 9.

11. Defendant Marco Yat Hang Yung, M.D. had a legal duty to provide medical treatment to Plaintiff that met or exceeded the applicable standard of professional care. That standard required Defendant Yung to avoid unnecessary harm to Plaintiff by attempting conservative treatment measures before selecting a permanently debilitating mode of treatment such as the BKA that Defendant performed on Mr. Lane.

12. Defendant Yung deviated from reasonable and accepted standards of medical care by failing to attempt conservative treatment measures for Plaintiff's osteomyelitis, such as debridement and administration of antibiotics, prior to performing the BKA.

13. Defendant Yung's decision to perform a BKA without first attempting conservative treatment measures directly and proximately caused injuries to Plaintiff, including but not limited to permanent disability from the loss of his right foot and lower leg, past and future pain and suffering, medical expenses, emotional distress, embarrassment, humiliation, inconvenience, and other damages.

## **GENERAL DAMAGES**

14. Plaintiff avers and re-alleges as if fully set forth herein, each and every allegation contained in paragraphs 1 through 13.

15. As a consequence of the negligence of the Defendant, as characterized above, Plaintiff has sustained the following damages:

   i. Medical expenses, past and future;

   ii. Physical pain and suffering, past and future;

   iii. Loss of earnings, past and future;

   iv. Annoyance, embarrassment, humiliation and inconvenience, past and future; and

   v. Loss of enjoyment of life, past and future.

16. Any statutory cap or limit on any element of damages sought herein violates Plaintiff's right to due process, equal protection, and other rights guaranteed to Plaintiff under the West Virginia and United States Constitutions. Plaintiff seeks to recover and be made whole for the full and fair amount of compensatory and punitive damages to which he is entitled to recover without such damages being unconstitutionally limited by statutory caps.

## PUNITIVE DAMAGES

17. Plaintiff avers and re-alleges as if fully set forth herein, each and every allegation contained in paragraphs 1 through 16.

18. In addition to being negligent, the actions of the Defendant, as set forth above, were also willful, wanton and with a reckless disregard to harm. Plaintiff therefore seeks punitive damages against the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Gordon R. Lane, III, does hereby demand judgment of and from the Defendant in this matter, for compensatory damages for economic and non-economic losses, for punitive damages, plus an award of pre-judgment and post-judgment costs, allowable fees, and such other relief as he may be entitled to receive.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**Gordan R. Lane, III, Plaintiff,**

*By Counsel:*

/s/ Charles F. Bellomy, Esq.
L. Dante' diTrapano, Esq. (WVSB #6778)
Charles F. Bellomy, Esq. (WVSB #9117)
Amanda J. Davis, Esq. (WVSB #9375)
CALWELL LUCE DITRAPANO PLLC
500 Randolph Street
Charleston, WV 25302
(304) 343-4323 – telephone
(304) 344-3684 – facsimile
*Counsel for Plaintiff*

and

4

Richard D. Lindsay, Esq. (WVSB #2216)
TABOR LINDSAY & ASSOCIATES
P.O. Box 1269
Charleston, WV 25325-1269
(304) 344-5155 – telephone
(304) 344-5188 – facsimile
*Counsel for Plaintiff*